(121 So. 501)

**SOUTHERN RY. CO. v. WALKER, Tax Collector. (8 Div. 748.)**

Court of Appeals of Alabama. April 2, 1929.

Stokely, Scrivner, Dominick & Smith, of Birmingham, and A. H. Carmichael, of Tuscumbia, for appellant.

A. J. Harris and Julian Harris, both of Decatur, for appellee.

SAMFORD, J. The question raised by this record is a construction of that part of an amendment to the Constitution of 1901 authorizing the levy of a school tax in certain districts therein named "by vote of a majority of the qualified electors of such district at an election held for that purpose."

The court entertains little doubt of the legislative intent as expressed in the above quotation; i. e., that authority is granted to levy the tax where it receives a majority of the votes cast at an election regularly and legally called. In other words, as used in the amendment, "qualified electors" mean those voters qualified and actually voting. Any other rule would be productive of the greatest inconvenience and uncertainty and is not to be thought of, unless the legislative will to the contrary is clearly expressed.

In the above conclusion we are not left without sustaining authority. In St. Joseph Township v. Rogers, 16 Wall. 644, 21 L. Ed. 328, "a majority of the legal voters of any township or incorporated town," etc., was held to mean a majority of those voting. In County of Cass v. Johnston, 95 U. S. 360, 24 L. Ed. 416, the court said: "The Constitution of Missouri [provides]:

" 'The General Assembly shall not authorize any county, city, or town to become a stockholder in, or to loan its credit to, any company, association, or corporation, *unless two-thirds of the qualified voters of such county, city, or town, at a regular or special election, to be held therein, shall assent thereto.'* " Const. Mo. art. 11, § 14.

The Legislature passed a statute allowing subscriptions if two-thirds of the qualified electors of such township voting at such election were in favor. This act was attacked as unconstitutional.

The court, speaking through Mr. Chief Justice Waite, said: "This we understand to be the established rule as to the effect of elections, in the absence of any statutory regulation to the contrary. All qualified voters who absent themselves from an election duly called are presumed to assent to the expressed will of the majority of those voting, unless the law providing for the election otherwise declares. Any other rule would be productive of the greatest inconvenience, and ought not to be adopted, unless the legislative will to that effect is clearly expressed."

In Carroll County v. Smith, 111 U. S. 556, 4 S. Ct. 539, 28 L. Ed. 517, construing a provision in the Mississippi Constitution exactly like that of Missouri, the court said: "The difficulty, if not the impossibility, of reaching results by such methods, amounts almost to demonstration, that such could not have been the legislative intent, or the meaning of the Constitution. The number and qualification of voters at such an election, is determinable by its result, as canvassed, ascertained and declared by the officers appointed to that duty, or as subsequently corrected by a contest or scrutiny in a direct proceeding, authorized and instituted for that purpose; it cannot be contested in any collateral proceeding, either by inquiry as to the truth of the return, or by proof of votes not cast, to be counted as cast against the proposition, unless the law clearly so requires. In our opinion, the Constitution of Mississippi did not mean, in the clause under consideration, to introduce any new rule. The assent of two-thirds of the qualified voters of the county, at an election lawfully held for that purpose, to a proposed issue of municipal bonds, intended by that instrument, *meant the vote of two-thirds of the qualified voters present and voting at such election in its favor, as determined by the official* return of the result."

Following these authorities are Green v. State Board of Canvassers, 5 Idaho, 130, 47 P. 259, 95 Am. St. Rep. 169, holding that a majority meant a majority of the electors voting, and L. & N. R. Co. v. Davidson County Court, 1 Sneed (Tenn.) 637, 62 Am. Dec. 424–452, holding that the term majority of voters meant a majority of those actually voting.

The rulings of the court were in accord with firmed.

Affirmed.